IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Boards of Trustees of Ohio**
**Laborers' Fringe Benefit**
**Programs,**

        Case No. 2:10-cv-1032

      **Plaintiffs,**

  v.        JUDGE ALGENON L. MARBLEY

**Ohio Building Restoration Co.,**    Magistrate Judge Kemp

      **Defendant.**

## OPINION AND ORDER

Plaintiffs' complaint, as amended, sought recovery of an unspecified amount of unpaid contributions from the defendant, to be determined by an audit, from the date of August 1, 2009 to the date of judgment, along with liquidated damages and interest in the amount of $902.58, a permanent injunction against further failures to file reports and make monthly contributions, and attorneys' fees. Defendant's default has been entered for failure timely to move or plead. Plaintiffs have filed a motion for a default judgment, a supplement to that motion, and a second supplemental motion for default judgment. The most recent motion, filed on September 13, 2011, asks the Court to enter judgment in the amount of $8,030.52, representing unpaid contributions, liquidated damages, and interest for the period from August 1, 2010 to August 31, 2011, plus attorneys' fees of $3,145.25 and costs. The second supplemental motion also asks the Court to retain jurisdiction over this action to enable plaintiffs to determine if there are additional amounts due to them. Plaintiffs continue to request injunctive relief.

As far as the monetary amounts are concerned, the sum owed for unpaid contributions, interest, and liquidated damages is supported by an affidavit from plaintiffs' contractor relations manager and appears to be a correct calculation of those amounts. The Court has also reviewed the affidavit of plaintiffs' counsel and determines that the amount of time spent on this action to date (14 hours) and the hourly rate charged (between $215.00 per hour and $230.00 per hour) are

reasonable. Thus, plaintiffs are entitled to the monetary judgment they seek.

The question of whether injunctive relief is appropriate depends on the strength of the plaintiffs' showing of an irreparable injury. As this Court observed in Boards of Trustees of Ohio Laborers Fringe Ben. Programs v. Maintenance Unlimited Inc., 2006 WL 2988376, *2 ( S.D. Ohio October 17, 2006),

> A court may grant an injunction against an employer who violates an agreement to contribute to a multiemployer benefit fund pursuant to § 1132(g)(2)(E). See Laborers Fringe Benefit Funds Detroit and Vicinity v. Northwest Concrete & Construction, Inc., 640 F.2d 1350, 1352 (6th Cir.1981); Mamula v. Satralloy, Inc., 578 F.Supp. 563, 576 (S.D.Ohio 1983). The prerequisites to the issuance of such an injunction include findings that plaintiffs are threatened by real, irreparable injury for which they do have no adequate remedy at law, and that an injunction does not offend public policy. Northwest Concrete & Construction, Inc., 640 F.2d at 1353.

In Maintenance Unlimited, the Court granted injunctive relief based on a showing that judgments for delinquent contributions had been entered against the same defendant on two prior occasions and that the record of those cases showed that the defendant had not completely complied with the judgments. Additionally, the Court found that the financial stability of the funds could be threatened if contributions were not timely received. Plaintiffs make the same argument about financial stability here, and it is worthwhile to note that other courts have viewed the time and effort which goes into repeated collection actions to be "very difficult or impossible to estimate." See Trustees of IBEW Local 38 Health and Welfare Funds v. GHL Elec., 2010 WL 723774, *5 (N.D. Ohio February 24, 2010); see also Boards of Trustees for the Ohio Laborers' Fringe Benefit Programs  Boards of Trustees for the Ohio Laborers' Fringe Benefit Programs v. Savcon, Inc.,
2011 WL 2633184 (S.D. Ohio July 5, 2011).

Here, plaintiffs represent that two other cases have been filed against this same defendant in the last three years, one of which was dismissed after the contributions were paid, and the other of which resulted in the entry of a default judgment after the defendant failed to appear. That case involved the defendant's failure to pay contributions for two months in 2008, three months in 2009, and two months in 2010. Now, plaintiffs have had to file another action to recover a judgment for contributions from August, 2010 forward. These facts are sufficient to

justify the issuance of an injunction. The Court will not, however, allow this case to remain open indefinitely for the purpose of allowing plaintiffs to seek additional default judgments for contributions which may not be paid in the future. Plaintiffs may seek relief even after judgment is entered if the injunctive portion of the Court's judgment is not complied with.

For these reasons, plaintiffs' motion for default judgment, supplemental motion for default judgment, and second supplemental motion for default judgment (Docs. 14, 15 and 16) are **GRANTED**. The Clerk shall enter judgment against defendant in the total amount of $11,175.77, with interest on $8,030.52 of that amount to run at the contract rate. Further, the defendant is hereby **ORDERED** to make all future contributions, and file all monthly reports, in accordance with the applicable collective bargaining agreement. This case is **TERMINATED** upon the entry of judgment.

    **IT IS SO ORDERED.**


    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**United States District Judge**

**DATED:** November 21, 2011